IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOY GRAY,                                                                    PLAINTIFF

v. CASE NO. *4:25cv1059-LPR*

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 0 9 2025

TAMMY H. DOWNS, CLERK
By:_____
                                            DEP CLERK

RENEE MALLORY, In her Individual capacity
and in her Official capacity as Secretary
of the Arkansas Department of Health;
DON ADAMS, In his Individual capacity
and in his Official capacity as Chief of
Staff in the Office of the Governor; CASSIE
COCHRAN, in her Individual capacity
and in her Official capacity as Deputy Director
of Programs at the Arkansas Department of
Health; CRISTY (CHRISTY) SELLERS, In her
Individual capacity and in her Official capacity
as Director of Health Advancement at the
Arkansas Department of Health; and
REGGIE ROGERS, in his Individual capacity
And in his Official capacity as Deputy Chief
Legal Counsel at the Arkansas Department of
Health,                                                                     DEFENDANTS

COMPLAINT

COMES NOW, the Plaintiff, JOY GRAY, by and through counsel, SUTTER &

GILLHAM, P.L.L.C., who for her Complaint, she states:

1. This civil-rights action under 42 U.S.C. § 1983, the Arkansas Civil Rights Act

("ACRA"), and Arkansas common law arises from Plaintiff JOY GRAY's termination from

the Arkansas Department of Health ("ADH") for core political speech on her private

This case assigned to District Judge *Rudofsky*
and to Magistrate Judge *Volpe*

social-media account, without constitutionally adequate notice, an opportunity to respond, or a

name-clearing hearing, and amid a coordinated effort by senior state officials to punish her

viewpoint and make an example of her.


**JURISDICTION AND VENUE**

2. This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343.

Supplemental jurisdiction lies under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events

occurred in this District and the official-capacity Defendants reside here.

**PARTIES**

4. Plaintiff **JOY GRAY** is a former ADH employee and a citizen of Arkansas.

5. Defendant **RENEE MALLORY** is Secretary of ADH. She is sued in her individual and

official capacities.

6. Defendant **DON ADAMS** is Chief of Staff in the Office of the Governor. He is sued in his

individual and official capacities.

7. Defendant **CASSIE COCHRAN** is Deputy Director of Programs at ADH. She is sued in her

individual and official capacities.

8. Defendant **CHRISTY (CRISTY) SELLERS** is Director of Health Advancement at ADH and

was Plaintiff's supervisor. She is sued in her individual and official capacities.

9. Defendant **REGGIE ROGERS** is Deputy Chief Legal Counsel at ADH. He is sued in his

individual and official capacities.

**FACTS**

10. On or about September 15, 2025, Ms. Gray arrived for work at ADH. Her supervisor,

Cristy Sellers, directed her to meet with Reggie Rogers in the ADH law library regarding "complaints" about her private social-media posts.

11. During the meeting, Mr. Rogers produced printed complaint emails and interrogated Ms. Gray about posts referencing a public figure, speaking loudly, accusing her of bad faith, and refusing to consider context. Ms. Gray explained that she had been doxxed, had deleted social media, and that her posts included prayerful commentary; she did not condone violence.

12. Mr. Rogers cited ADH social-media and "agency impairment" policies, acknowledged Ms. Gray had not listed ADH on her accounts, but asserted that the public could connect her to ADH. He demanded she provide (a) an apology letter to third parties and (b) a written rebuttal by noon on September 16, 2025. Ms. Gray agreed to try.

13. That afternoon, Ms. Gray's counsel emailed Mr. Rogers requesting a brief extension due to the short deadline. Mr. Rogers did not respond. Instead, at approximately 4:36 p.m. on September 15, 2025—before the stated noon deadline—Sellers terminated Ms. Gray by phone with Rogers present on speaker.

14. Ms. Gray asked about a grievance or appeal process. Sellers stated Rogers would send it. Ms. Gray pursued available internal review, seeking reinstatement and back pay.

15. In denying Ms. Gray's grievance, ADH asserted—incorrectly—that Ms. Gray "refused" to submit a rebuttal, and cited her "reaction" during the meeting as a basis for termination. ADH later produced additional emails not shown at the meeting.

16. Ms. Gray was never afforded a name-clearing hearing to rebut stigmatizing reasons disseminated within the agency and to prospective employers, including insinuations about honesty, temperament, and fitness for public service.

17. On information and belief, the termination and denial of post-deprivation process were undertaken pursuant to a policy, custom, practice, directive, or ratification by ADH leadership and coordinated with the Governor's Office through Chief of Staff Don Adams, to punish employees' viewpoint when their private speech draws public controversy.

18. Ms. Gray's speech consisted of political commentary on matters of public concern, made as a private citizen outside the scope of her job duties. Any speculation about operational disruption is minimal and pretextual.

**COUNT I – First Amendment Retaliation (42 U.S.C. § 1983)**

19. Plaintiff incorporates all preceding paragraphs.

20. Ms. Gray engaged in protected speech on matters of public concern. Defendants took adverse employment actions (termination; refusal to reinstate) because of her speech and viewpoint.

21. Under Pickering/Connick/Garcetti, Ms. Gray spoke as a private citizen; the speech addresses public issues; and any claimed workplace disruption is outweighed by the public's interest in free expression. Defendants' actions would chill a person of ordinary firmness and were the moving force behind Ms. Gray's damages.

**COUNT II – Arkansas Constitution Art. 2, § 6 (Free Expression) &amp; ACRA, Ark. Code Ann. § 16-123-105**

22. Plaintiff incorporates all preceding paragraphs.

23. By punishing Ms. Gray's protected expression and viewpoint, Defendants violated her Arkansas free-expression rights, actionable through ACRA.

**COUNT III – Procedural Due Process (Property &amp; Liberty; Name-Clearing**

**Hearing) (42 U.S.C. § 1983 &amp; ACRA)**

24. Plaintiff incorporates all preceding paragraphs.

25. Ms. Gray had a property interest in continued employment created by Arkansas law, policies, and practices, and a liberty interest in her good name and reputation.

26. Defendants deprived her of those interests without constitutionally adequate notice and opportunity to respond before termination and without a fair post-termination name-clearing hearing, while publicizing stigmatizing reasons that foreclose future employment.

**COUNT IV – Substantive Due Process (42 U.S.C. § 1983 &amp; ACRA)**

27. Plaintiff incorporates all preceding paragraphs.

28. Defendants' actions—including reneging on the promised time to submit a rebuttal, summarily terminating Ms. Gray based on viewpoint animus, and denying name-clearing procedures—were arbitrary, capricious, and conscience-shocking in light of clearly established constitutional protections.

**COUNT V – § 1983 Conspiracy**

29. Plaintiff incorporates all preceding paragraphs.

30. Defendants agreed, expressly or tacitly, to retaliate against Ms. Gray for protected speech and to deny her due process, and committed overt acts in furtherance, including: (a) orchestrating the September 15 interrogation; (b) conditioning employment on compelled apology; (c) terminating her before the stated deadline; and (d) denying a name-clearing hearing while disseminating stigmatizing rationales. The conspiracy proximately caused the constitutional violations and Ms. Gray's damages.

**COUNT VI – Outrage (Intentional Infliction of Emotional Distress) (Against**

**Rogers)**

31. Plaintiff incorporates all preceding paragraphs.

32. Rogers engaged in extreme and outrageous conduct by berating Ms. Gray in a closed-door meeting, yelling accusations, refusing context, demanding compelled speech (an apology letter to non-parties), and participating in her summary termination before the

deadline he set, despite her disclosed anxiety/doxxing history—intentionally or recklessly causing severe emotional distress.

**OFFICIAL-CAPACITY CLAIMS &amp; PROSPECTIVE RELIEF (Ex parte Young)**

33. Plaintiff seeks declaratory and prospective injunctive relief against the official-capacity Defendants (Mallory, Adams, Cochran, Sellers, Rogers) to: (a) reinstate Ms. Gray (or award front pay in lieu); (b) expunge stigmatizing statements; (c) provide a constitutionally adequate name-clearing hearing; and (d) prohibit enforcement of any policy or practice that punishes private-citizen, viewpoint-based speech by ADH employees.

**DAMAGES**

34. Defendants' unlawful acts proximately caused lost wages/benefits, reputational harm, emotional distress, and other compensatory damages. Plaintiff seeks punitive damages against the individual-capacity Defendants for willful and reckless disregard of her rights.

**ATTORNEY'S FEES**

35. Plaintiff is entitled to fees and costs under 42 U.S.C. § 1988 and ACRA.

**JURY DEMAND**

36. Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

37. Declare that Defendants violated Plaintiff's rights under the First and Fourteenth

Amendments and the Arkansas Constitution (via ACRA).

38. Order reinstatement (or front pay), expungement, and a name-clearing hearing.

39. Enjoin Defendants from enforcing policies or practices that punish private-citizen,

viewpoint-based speech by ADH employees.

40. Award compensatory and punitive damages against the individual-capacity

Defendants to the extent allowed by law.

41. Award attorney's fees and costs; and grant all other just and proper relief.

Respectfully submitted,
Luther Oneal Sutter
SUTTER & GILLHAM, P.L.L.C.
1501 N. Pierce, Ste. 105
Little Rock, AR  72207

By : /s/ Luther Oneal Sutter
Luther Oneal Sutter, ARBN 95031
Luther.sutterlaw@gmail.com

*Counsel for Plaintiff Joy Gray*

By : /s/ Lucien Gillham
Lucien Gillham, ARBN 99199
Lucien.gillham@gmail.com

*Counsel for Plaintiff Joy Gray*