FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 0 9 2025
TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOY GRAY,**  PLAINTIFF

v. CASE NO. 4:25cv1057-LPR

**RENEE MALLORY,** In her Individual capacity
and in her Official capacity as Secretary
of the Arkansas Department of Health;
**DON ADAMS,** In his Individual capacity
and in his Official capacity as Chief of
Staff in the Office of the Governor; **CASSIE
COCHRAN,** in her Individual capacity
and in her Official capacity as Deputy Director
of Programs at the Arkansas Department of
Health; **CRISTY (CHRISTY) SELLERS,** In her
Individual capacity and in her Official capacity
as Director of Health Advancement at the
Arkansas Department of Health; and
**REGGIE ROGERS,** in his Individual capacity
And in his Official capacity as Deputy Chief
Legal Counsel at the Arkansas Department of
Health,  DEFENDANTS

## PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION

COMES NOW, the Plaintiff, **JOY GRAY**, under Fed. R. Civ. P. 65, through counsel, moves for a Temporary Restraining Order and Preliminary Injunction and states:

1    Plaintiff seeks an Order enjoining Defendants from (1) maintaining or enforcing her termination and any ongoing adverse actions taken in retaliation for her protected speech; (2) disseminating stigmatizing reasons without offering a constitutionally adequate name-clearing hearing; and (3) otherwise retaliating against or

acting to chill her protected expression. Grounds are set forth below and in the accompanying Brief in Support.

2. On September 15, 2025, ADH Deputy Chief Legal Counsel Reggie Rogers interrogated Ms. Gray in a closed-door meeting about private social-media posts and stated the matter could lead to termination.

3. Rogers demanded an apology letter and a written rebuttal by noon on September 16, 2025.

4. Despite counsel's same-day extension request, Ms. Gray was terminated by Cristy Sellers around 4:36 p.m. on September 15—before the stated deadline—with Rogers on speaker.

5. ADH later denied her grievance, cited her "reaction," surfaced additional emails not shown at the meeting, and never afforded a name-clearing hearing.

**WHEREFORE** Plaintiff prays that the Court:

Temporarily and preliminarily enjoin Defendants from maintaining or enforcing Ms. Gray's termination and from retaliating against her based on protected speech;

• Order Defendants to provide a prompt, neutral name-clearing hearing if they continue to publish or rely on stigmatizing accusations;

• Prohibit enforcement of any policy or practice used to punish viewpoint-based, private-citizen speech by ADH employees;

• Waive the Rule 65(c) bond requirement; and

- Grant all other just and proper relief.

                                        Respectfully submitted,

                                        Luther Oneal Sutter, ARBN 99199
                                        **SUTTER & GILLHAM, P.L.L.C.**
                                        1501 N. Pierce, Ste. 105
                                        Little Rock, AR  72207
                                        501-315-1910-Phone

By: /s/ Luther Oneal Sutter
     Luther Oneal Sutter, ARBN 95031
     Luther.sutterlaw@gmail.com

     *Counsel for Plaintiff Joy Gray*

By : /s/ Lucien Gillham
     Lucien Gillham, ARBN 99199
     Lucien.gillham@gmail.com

     *Counsel for Plaintiff Joy Gray*