IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOY GRAY,**                                                                                        **PLAINTIFF**

v. CASE NO. 4:25-CV-1057-LPR

**RENEE MALLORY, In her Individual capacity
and in her Official capacity as Secretary
of the Arkansas Department of Health;
DON ADAMS, In his Individual capacity
and in his Official capacity as Chief of
Staff in the Office of the Governor; CASSIE
COCHRAN, in her Individual capacity
and in her Official capacity as Deputy Director
of Programs at the Arkansas Department of
Health; CRISTY (CHRISTY) SELLERS, In her
Individual capacity and in her Official capacity
as Director of Health Advancement at the
Arkansas Department of Health; and
REGGIE ROGERS, in his Individual capacity
And in his Official capacity as Deputy Chief
Legal Counsel at the Arkansas Department of
Health,**                                               **DEFENDANTS**

## NOTICE OF FILING

COMES NOW, **JOY GRAY**, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**, who for this Notice of Filing, she states:

1. Plaintiff files the attached, **Affidavit of Joy Gray**, in support of her Complaint, Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction and Brief in Support.

                                      Respectfully submitted,

                                      Lucien Gillham, ARBN 99199
                                      **SUTTER& GILLHAM P.L.L.C.**
                                      1501 N. Pierce, Ste. 105
                                      Little Rock, AR  72207
                                      (501) 315-1910 – Phone

                    By: */s/ Lucien Gillham*
                        Lucien Gillham, ARBN 99199
                        Lucien.gillham@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

CENTRAL DIVISION

JOY GRAY,
Plaintiff,

v. Case No. _____

RENEE MALLORY, in her individual capacity and in her official capacity as Secretary of the Arkansas Department of Health; DON ADAMS, in his individual capacity and in his official capacity as Chief of Staff in the Office of the Governor; CASSIE COCHRAN, in her individual capacity and in her official capacity as Deputy Director of Programs at the Arkansas Department of Health; CRISTY (CHRISTY) SELLERS, in her individual capacity and in her official capacity as Director of Health Advancement at the Arkansas Department of Health; and REGGIE ROGERS, in his individual capacity and in his official capacity as Deputy Chief Legal Counsel at the Arkansas Department of Health,
Defendants.

**AFFIDAVIT OF JOY GRAY**

STATE OF ARKANSAS       §

COUNTY OF PULASKI       §

BEFORE ME, the undersigned authority, personally appeared JOY GRAY, who having been duly sworn, deposes and states as follows based on my personal knowledge:

1. My name is Joy Gray. I am over 18 years of age, of sound mind, competent to make this affidavit, and the facts stated herein are true and correct to the best of my knowledge.

2. I was employed by the Arkansas Department of Health ("ADH"). My immediate supervisor was Cristy (Christy) Sellers, Director of Health Advancement.

3. On the morning of September 15, 2025, at approximately 7:30 a.m., I arrived for work and Ms. Sellers told me we needed to go to the ADH law library to meet with Deputy Chief Legal Counsel Reggie Rogers regarding complaint emails about my private social media posts.

4. As we walked upstairs, I experienced acute anxiety symptoms consistent with a panic attack. Ms. Sellers observed my distress and asked if I was okay.

5. In the law library, Mr. Rogers provided printed copies of at least one complaint email concerning my social media posts. He spoke loudly, repeatedly said the matter was "very serious," and stated that it could lead to termination.

6. Mr. Rogers questioned me about posts that referenced a public figure, including Charlie Kirk. He insisted I "tell the truth," refused to allow me to provide context—including that I had been doxxed, had deleted my social media, and that some posts included prayerful commentary—and raised his voice during the meeting.

7. When I described Mr. Kirk as a "random podcaster," Mr. Rogers yelled, accused me of "victim blaming," and would not permit me to explain that I did not believe anyone deserved to be shot nor that I celebrated violence.

8. Mr. Rogers referenced ADH social media and "agency impairment" policies and acknowledged that I did not list ADH as my employer on my accounts. He nevertheless asserted that the public could connect me to ADH and demanded: (a) that I write an apology letter to the Kirk family and (b) that I provide a written rebuttal to the allegations by noon on September 16, 2025. I agreed to try to meet that deadline.

9. After the meeting, Ms. Sellers told me to send the letter to both of them as quickly as possible.

10. That afternoon, my attorney, Shawn Childs, emailed Mr. Rogers (approximately 3:30–3:45 p.m.) requesting a short extension because of the short deadline. Mr. Rogers did not respond to the request.

11. At approximately 4:36 p.m. on September 15, 2025—before the noon September 16 deadline—Ms. Sellers terminated my employment by telephone while Mr. Rogers was on speaker.

12. I asked about a grievance or appeal process. Ms. Sellers said that Mr. Rogers would send it. I pursued the available internal review and requested reinstatement and back pay.

13. ADH later denied my grievance and asserted, incorrectly, that I had "refused" to submit a rebuttal. ADH also cited my "reaction" during the meeting as a reason for

termination and produced additional complaint emails that had not been shown to me in the meeting.

14. I was not afforded a name clearing hearing to rebut stigmatizing reasons disseminated within the agency and to prospective employers, including insinuations about my honesty, temperament, and fitness for public service.

15. My social media posts were made as a private citizen and were political commentary on matters of public concern. I did not identify ADH as my employer on my accounts.

16. The termination has caused and continues to cause me harm, including lost wages and benefits, reputational harm, humiliation, anxiety, sleeplessness, and emotional distress. The events and the manner in which I was treated have also chilled my willingness to engage in speech on matters of public concern.

17. I declare that the foregoing is true and correct. I make this affidavit in support of my request for temporary and preliminary injunctive relief and other relief requested in this action.

18. Exhibits referenced below are true and correct copies of documents kept in my possession or obtained from ADH: (A) complaint email(s) presented or referenced by ADH; (B) counsel's email requesting an extension on September 15, 2025; (C) termination communication; (D) grievance submissions and denial; and (E) any additional complaint emails produced after my termination. I will supplement as needed.

Further affiant sayeth not.

_____
JOY GRAY, Affiant

SUBSCRIBED AND SWORN to before me, a Notary Public, on this 29th day of September, 2025, by JOY GRAY, who is personally known to me or has produced satisfactory identification.

_____
Notary Public
My commission expires:

LUTHER O'NEAL SUTTER II
Notary Public-Arkansas
Pulaski County
My Commission Expires 03-22-2026
Commission # 12346720