IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOY GRAY**                                                                                  **PLAINTIFF**

v.                              **CASE NO. 4:25-cv-01057-LPR**

**RENEE MALLORY,** *et al.*                                                       **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

      Joy Gray asks this Court to grant her declaratory and prospective injunctive relief, compensatory and punitive damages, and fees and costs. Plaintiff alleges that her constitutional rights under the First and Fourteenth Amendments were violated. Additionally, Plaintiff alleges claims of Conspiracy and Outrage (Intentional Infliction of Emotional Distress). Ms. Gray's Complaint should be dismissed because she does not meet the minimum pleading requirements to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and all Defendants are entitled to the doctrine of qualified immunity.

# TABLE OF CONTENTS

**PAGE**

Table Of Contents ...................................................................................................2

I. Introduction ..........................................................................................................3

II. Standard of Review .............................................................................................3

III. Argument ............................................................................................................4

A. First Amendment and ACRA............................................................................4

B. Procedural Due Process.....................................................................................6

C. Substantive Due Process ...................................................................................8

D. Conspiracy.........................................................................................................9

E. Outrage ............................................................................................................11

F. Qualified Immunity..........................................................................................13

IV. Conclusion ........................................................................................................17

## I. INTRODUCTION

On October 9, 2025, Plaintiff Joy Gray filed this lawsuit against Arkansas Department of Health ("ADH") employees Renee Mallory, Cassie Cochran, Cristy Sellers, and Reggie Rogers and Don Adams, all in their individual and official capacities. Doc. No. 2. Plaintiff's lawsuit stems from allegations that ADH terminated her employment after complaints about posts she made using her personal social media account. *See id*. at 2–4. Plaintiff sues Defendants in their individual capacities for retaliation in violation of the First Amendment, violation of her right to free expression guaranteed by the Arkansas Constitution, violation of her procedural and substantive due process rights, engaging in conspiracy to retaliate against her, and specifically sues Defendant Rogers in his individual capacity for intentional infliction of emotional distress. *Id*. at 4–6. Plaintiff seeks compensatory and punitive damages against the Defendants in their individual capacity, and declarative and prospective injunctive relief against the Defendants in their official capacity. *Id*. at 6.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For the purposes of a motion made pursuant to Rule 12(b)(6), the court accepts well-pleaded allegations as true and draws all reasonable inferences in the nonmoving party's favor. *Brown v. Conagra Brands, Inc.*, 131 F.4th 624, 627 (8th Cir. 2025). Accordingly, the Court must view a complaint in a light most favorable to the plaintiff. *Faulk v. City of St. Louis, Missouri*, 30 F.4th 739, 744 (8th Cir. 2022).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleader to set forth a short and plain statement of the claim showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). However, the complaint must be "plausible on its face," meaning it must contain "factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that sets forth "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not chin the bar. *Id*. Where a complaint does not comply with these standards, it may properly be dismissed pursuant to Rule 12(b)(6).

### III. ARGUMENT

A. **Plaintiff fails to allege sufficient facts to entitle her to relief under the First Amendment and Arkansas Civil Rights Act (ACRA).**

When analyzing a First Amendment Retaliation claim, the court must first determine whether the employee spoke as a citizen on a matter of public concern. *Mayfield v. Missouri House of Representatives*, 122 F.4th 1046, 1053 (8th Cir. 2024). Once the possibility of a retaliation claim arises, the court must determine "whether [Defendants have] produced evidence to indicate the speech had an adverse impact on the efficiency of the [employer's] operations. *Id.* The court may look to the content, form, and context of the statement to help discern whether an employee is speaking as a "concerned citizen" or on matters of personal concern. *Id.* The United States Supreme Court has consistently given greater deference to government predictions of harm used to justify restriction of employee speech than to predictions of harm used to justify restrictions on the speech of the public at large. *Id.*

Government employees' First Amendment rights depend on the "balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Board of Cnty. Commissioners, Wabaunsee Cnty., Kansas v. Umbehr*, 518 U.S. 668, 676 (1996) (quoting *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinois,* 391 U.S. 563, 565 (1968)). An employee must show that her conduct was constitutionally

4

protected and that the protected conduct was a substantial or motivating factor in the employer's alleged retaliation. *Morris v. City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008). A public employee must show that she suffered an adverse employment action that was causally connected to her participation in a protected activity. *Id.* at 1019. "ACRA claims undergo the same analysis because the free speech protections of the Arkansas Constitution are no more generous than those of the First Amendment." *Stoner v. Arkansas Dep. of Correction*, 983 F. Supp. 2d 1074, 1099 (E.D. Ark. 2013)

The Complaint alleges in conclusory fashion that Ms. Gray engaged in protected speech of public concern and was subject to adverse employment actions because of her speech. Doc. No. 1 at 4, ¶ 18. Ms. Gray fails to allege sufficient facts to support this claim as to each individual defendant. Plaintiff's Complaint alleges that Defendant Sellers directed her to meet with Defendant Rogers regarding her social-media posts. Doc. No. 1 at 2-3 ¶ 10. That Rogers directed Ms. Gray to provide an apology and written rebuttal, and that Sellers terminated Ms. Gray's employment. Doc. No. 1 at 3 ¶ 12. However, the Complaint fails to allege sufficient facts pertaining to her social-media posts and fails to sufficiently allege her comments were on a matter of public concern. Ms. Gray's Complaint alleges that her speech consisted of political commentary on matters of public concern, without providing sufficient information to determine whether the content of her speech was in fact protected under the First Amendment. Doc. No. 1 at 4, ¶ 20. A Complaint that merely alleges legal conclusions without sufficient factual allegations to support the conclusions does not allow the court to "draw reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, Ms. Gray sues individuals within ADH but fails to allege individual actions by the named Defendants. For example, the Complaint does not contain any facts alleging

Defendant Cochran's involvement in Ms. Gray's termination. Plaintiff must plead allegations demonstrating each individual's responsibility for the retaliation she claims. Her Complaint contains no such allegations. Therefore, Ms. Gray's First Amendment and ACRA claims do not meet the minimum pleading requirements to bring suit against Defendants and should be dismissed pursuant to Rule 12(b)(6).

  **B.**  **Plaintiff fails to assert sufficient facts alleging she was entitled to Procedural Due Process.**

When challenging a discharge from employment by a state entity, the plaintiff may assert procedural due process rights under the Fourteenth Amendment if he or she establishes that a property interest in the state position existed. *Brockell v. Norton*, 688 F.2d 588, 590 (8th Cir. 1982). A property interest does not exist unless the employee has a "legitimate claim of entitlement" to the public job. *Id.* A public employee has a legitimate claim of entitlement when there are contractual or statutory limitations, e.g., a right to be terminated only for cause, on the employer's ability to terminate the employee. *Bennett v. Watters*, 260 F.3d 925, 927 (8th Cir. 2001). At-will, public employees generally do not have a liberty interest in continued employment. *Mogard v. City of Milbank*, 932 F.3d 1184, 1190 (8th Cir. 2019). An exception to the general rule exists "where a state employer creates and disseminates a false and defamatory impression about the at-will employee in connection with the discharge." *Id.* at 1191.

An employee's liberty interests are implicated when an employer puts forth accusations at the employee that are so damaging as to make it difficult or impossible for the employee to escape the stigma of those charges. *Winskowski v. City of Stephen*, 442 F.3d 1107, 1110 (8th Cir. 2006). To establish the deprivation of a liberty interest, a plaintiff must show that (1) he or she was stigmatized by the alleged statements; (2) those statements were made public by the employer; and (3) he or she denied the stigmatizing statements. *Mogard,* 932 F.3d 1184 at 1191. The Supreme

Court of the United States has held that employment decisions communicated only to the employee in private and not made to the public cannot properly form the basis of a liberty interest in the employee's "good name" and "reputation." *Bishop v. Wood*, 426 U.S. 341, 348 (1976) (holding that the reasons for discharging a policeman were not grounds for a liberty interest when the reasons were communicated orally to the policeman in private). The right to a name-clearing hearing arises when an employer makes stigmatizing allegations, in connection with the employee's discharge, "in any official or intentional manner." *Putnam v. Keller*, 332 F.3d 541, 547 (8th Cir. 2003).

Plaintiff's Complaint fails to allege facts showing Ms. Gray possessed a property interest in her employment, as there are no allegations that Plaintiff's employment with ADH was anything other than at-will. Further, Arkansas law expressly holds that unless specified otherwise, employment is presumed to be at-will. *See Jenkins v. Mercy Hosp. Rogers*, 2021 Ark. 211, 633 S.W.3d 75. Additionally, Ms. Gray fails to allege facts showing that the Defendants created or disseminated a false and defamatory impression about Ms. Gray. The Complaint does not provide that statements were made public or that she denied making a statement. The Complaint states that "Ms. Gray was never afforded a name-clearing hearing to rebut stigmatizing reasons disseminated within the agency and to prospective employers, including insinuations about honesty, temperament, and fitness for public service." Doc. No. 1 at 3 ¶, 16. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not meet the necessary pleading requirements to survive a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. 662 at 678. The Complaint does not allege that any Defendant disseminated stigmatizing statements within the agency or to prospective employers. Doc. No. 1 at 3 ¶, 16. Instead, the Complaint alleges that Ms. Gray was entitled to a name-clearing hearing without alleging facts that statements were

disseminated by anyone within the ADH. *Id.* Plaintiff's only allegation relating to statements that would create a liberty interest assume that such statements were made without identifying the content, form, speaker, or recipient. This is conclusory and plainly insufficient.

Accordingly, Ms. Gray failed to allege sufficient facts establishing the deprivation of a property or liberty interest, and her procedural due process claim therefore should be dismissed pursuant to Rule 12(b)(6).

### C.     Plaintiff fails to plead facts showing that she was entitled to Substantive Due Process.

Substantive due process claims are limited to "truly irrational" governmental actions. *Hottinger v. Pope Cnty., Ark.*, 971 F.2d 127, 128 (8th Cir. 1992). To state a substantive due process claim, the plaintiff must allege that a government action was "sufficiently outrageous" or "truly irrational, that is, something more than … arbitrary, capricious, or in violation of state law." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 628 (8th Cir. 2001), *as corrected* (Mar. 27, 2001). In other words, the plaintiff must assert that the government's actions "shock the conscience" or "offend judicial notions of fairness or human dignity." *Id.* Conduct that is intended to injure without a justifiable government interest is most likely to rise to the conscience-shocking level. *Putnam*, 332 F.3d at 548. The right to a name-clearing hearing arises when an employer makes stigmatizing allegations, in connection with the employee's discharge, "in any official or intentional manner." *Id.*

Plaintiff's Complaint fails to allege facts sufficient to show that Defendants acted irrationally by terminating Ms. Gray's employment. The Complaint alleges that Defendants' actions were "arbitrary, capricious, and conscious-shocking in light of clearly established constitutional protections." Doc. No. 1 at 5, ¶ 28. The Complaint bases this allegation on Defendants "reneging on the promised time to submit a rebuttal, summarily terminating Ms. Gray

8

based on viewpoint animus, and denying name-clearing procedures." *Id.* However, the Complaint fails to plead facts alleging that any of the alleged actions were "something more than arbitrary, capricious, or in violation of state law." *Young,* F.3d 623 at 628. Furthermore, the Complaint fails to allege facts showing that Defendants' conduct was "conscience-shocking" or was intended to injure Ms. Gray without a justifiable government interest.

The Complaint did not allege facts demonstrating that Ms. Gray was entitled to a name-clearing hearing yet uses the lack of a hearing as a basis for her substantive due process claim. The allegations contained in Ms. Gray's Complaint are insufficient to rise to anything, even if true, that would "shock the conscience" or rise to a level creating a substantive due process issue.

Accordingly, Ms. Gray failed to allege sufficient facts establishing a substantive due process violation and her claim should therefore be dismissed pursuant to Rule 12(b)(6).

    **D.**    **Plaintiff fails to state a claim against Defendants for conspiracy.**

To state a § 1983 conspiracy claim, Plaintiff must allege: (1) Defendants conspired to deprive Plaintiff of a constitutional right; (2) at least one of Defendants engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured Plaintiff. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) (citing *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999)). Furthermore, Plaintiff is required to prove a constitutional violation. *Riddle v. Riepe*, 866 F.3d 943 (8th Cir. 2017) (quoting *Slusarchuk v. Hoff*, 346 F.3d 1178, 1183 (8th Cir. 2003)). Critically, allegations of conspiracy "must be pled with sufficient specificity and factual support to support a 'meeting of the minds.'" *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (citing *Smith v. Bacon*, 699 F.2d 434 (8th Cir. 1983)). Perhaps most importantly, under the intra-corporate conspiracy doctrine, an agreement between or among agents of the same legal entity, when the agents act in their official capacities, cannot form the basis of unlawful conspiracy. *Ziglar v. Abbasi*, 582 U.S. 120, 153, 137

S. Ct. 1843, 1867, 198 L. Ed. 2d 290 (2017); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070 (8th Cir. 2016).

The facts alleged, viewed in a light most favorable to Plaintiff, reveal the following: (1) Plaintiff arrived at work on September 15, 2025, and her supervisor, Defendant Sellers, instructed her to meet with Defendant Rogers; (2) Defendant Rogers questioned Plaintiff about her social media posts and informed Plaintiff she would have until noon of the following day to write an apology letter and submit a written rebuttal; (3) Defendant Sellers terminated Plaintiff via phone call on September 15, 2025, with Defendant Rogers present; (4) Plaintiff submitted a grievance, which was denied; and (5) Plaintiff did not receive a name-clearing hearing. Doc. No. 1 at 2–3, ¶¶ 10–16. Plaintiff then alleged Defendant Adams coordinated with unnamed "ADH leadership" to punish the viewpoints of employees. *Id*. at 4, ¶ 17.

Simply put, Plaintiff failed to plead facts sufficient to establish a § 1983 conspiracy claim. As previously stated, allegations of civil conspiracy must be pled with particularity, and the plaintiff is required to "'specifically demonstrate with material facts that the defendants reached an agreement.'" *Holmes v. Slay*, 895 F.3d 993, 1001 (8th Cir. 2018) (quoting *Bonenberger v. St. Louis Metro. Police Dep't*, 810 F.3d 1103, 1109 (8th Cir. 2016)). And again, the goal of the conspiracy must be to "deprive the plaintiff of constitutionally guaranteed rights." *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798-99 (8th Cir. 2013) (citing *Larson by Larson v. Miller*, 76 F.3d 1446, 1458 (8th Cir. 1996)). The facts pled in Plaintiff's Complaint fail to meet this standard. Plaintiff does not mention any sort of agreement between any of the Defendants that had the explicit purpose of violating Plaintiff's rights. Instead, Plaintiff simply states "Defendants agreed, expressly or tacitly," but that conclusory allegation is not supported by material facts alleged in the Complaint. Doc. No. 1 at 5, ¶ 30. While Defendants may have agreed to terminate

Plaintiff's employment at ADH, the facts pled in Plaintiff's Complaint fail to show that Defendants conspired to deprive Plaintiff of any constitutional right. There is a crucial difference between agreeing to terminate an employee and agreeing to terminate an employee with knowledge that you are conspiring to deprive them of a constitutional right. Plaintiff's allegations are insufficient to show Defendants had a meeting of the minds or came to an agreement to deprive Plaintiff of a constitutional right.

Even if there were sufficient allegations of a meeting of the minds, the intra-corporate conspiracy doctrine would necessitate dismissal of this cause of action unless Plaintiff alleged Defendants were acting outside of the scope of their official capacity, which she does not. Accordingly, the Court should dismiss Plaintiff's § 1983 conspiracy claim.

### E.    Plaintiff fails to state a claim against Defendant Rogers for outrage.

The tort of intentional infliction of emotional distress, also referred to as outrage, has four elements: "(1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was 'extreme and outrageous,' was 'beyond all possible bounds of decency,' and was 'utterly intolerable in a civilized community;' (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it." *Marlar v. Daniel*, 368 Ark. 505, 509–10, 247 S.W.3d 473, 477 (2007) (citing *Crawford Cnty. v. Jones*, 365 Ark. 585, 597, 232 S.W.3d 433, 442 (2006)). Whether conduct meets the standard for outrage is determined on a case-by-case basis. *Holman v. Flores*, 2018 Ark. App. 298, at 6, 551 S.W.3d 1, 4 (citing *Brown v. Wyatt*, 89 Ark. App. 306, 313, 202 S.W.3d 555, 560 (2005)). "Merely describing conduct as outrageous does not make it so." *Faulkner v. Arkansas Children's Hosp.*, 347 Ark. 941, 958, 69 S.W.3d 393, 404 (2002) (citing

11

*Crockett v. Essex*, 341 Ark. 558, 564, 19 S.W.3d 585, 589 (2000)).  Arkansas courts have adopted a narrow view of the tort of outrage.  *Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 478 (8th Cir. 2010) (citing *Kiersey v. Jeffrey*, 369 Ark. 220, 222, 253 S.W.3d 438, 441 (2007)).  This is especially true as it pertains to claims of outrage that arise from employment relationships.  *Id*. (citing *Seals v. Corr. Med. Servs., Inc.*, 473 F. Supp. 2d 912, 925 (E.D. Ark. 2007)).

The Complaint alleges Defendant Rogers, in a closed-door meeting with Plaintiff, "produced printed complaint emails and interrogated Ms. Gray about posts referencing a public figure, speaking loudly, accusing her of bad faith, and refusing to consider context."  Doc. No. 1 at 3, ¶ 11.  Plaintiff went on to allege Defendant Rogers demanded compelled speech and participated in Plaintiff's termination prior to Plaintiff's rebuttal deadline and ignored Plaintiff's "disclosed anxiety/doxxing history."  *Id*. at 6, ¶ 32.

The facts, viewed in a light most favorable to Plaintiff, fail to state a claim of outrage against Defendant Rogers.  *See Givens v. Hixson*, 275 Ark. 370, 372, 631 S.W.2d 263, 264 (1982) (final element of outrage was not met where Plaintiff testified he could not sleep or eat, lost weight, and entered a hospital a month after being terminated); *Smith v. Am. Greetings Corp.*, 304 Ark. 596, 599, 602, 804 S.W.2d 683, 685–86 (1991) (upholding dismissal of outrage claim where discharged employee alleged he was wrongfully terminated after his supervisor allegedly hit him and explaining the "employer's conduct did not come close to meeting" the standard for outrage); *Palmer v. Arkansas Council on Econ. Educ.*, 344 Ark. 461, 474–75, 40 S.W.3d 784, 792 (2001) (neither first nor second element of tort of outrage were met where Plaintiff alleged she was improperly written up for poor performance, improperly placed on probation, and wrongfully terminated); *Crawford Cnty.*, 365 Ark. at 598, 232 S.W.3d at 443 (2006) (upholding motion for directed verdict where the plaintiff testified about mental distress following her termination).

Plaintiff fails to plead facts against Defendant Rogers that would meet the first or second elements of the tort of outrage.  Plaintiff's Complaint is devoid of allegations or facts that would show that Defendant Rogers intended to cause her emotional distress, nor does she allege facts that would apprise him that his conduct would result in her emotional distress.  Furthermore, Defendant Rogers' conduct, as described in the Complaint, does not go beyond all bounds of decency such that it was intolerable.  Asking Plaintiff questions about her social media posts, speaking in a raised voice, accusing Plaintiff of bad faith, and not considering context while questioning her "d[oes] not come close to meeting the above standards." *American Greetings Corp.*, 304 Ark. at 602, 804 S.W.2d at 686.  Plaintiff appears to try to circumvent the first two elements by stating she had disclosed her anxiety. Doc. No. 1 at 6, ¶ 32.  While it is true extreme and outrageous conduct may arise from "knowledge that the employee is peculiarly susceptible to emotional distress by reason of some physical or mental peculiarity," *American Greetings Corp.*, 304 Ark. at 602, 804 S.W.2d at 686, Plaintiff does not allege she disclosed such anxiety to Defendant Rogers in particular, nor can a generalized condition of anxiety amount to a mental peculiarity that would somehow transform Defendant Rogers' questioning of Plaintiff into extreme and outrageous conduct.

Lastly, Plaintiff failed to plead facts necessary to satisfy the fourth and final element of the tort of outrage.  Plaintiff simply concludes Mr. Rogers' actions caused her severe emotional distress. Doc. No. 1 at 6, ¶ 32.  She does nothing to describe the severity of her emotional distress.  She does not assert that no other person could bear it.  She does not even assert she herself could not bear it.  Even if Plaintiff asserted that she could not eat or sleep because of her interaction with Defendant Rogers, such an allegation would not be enough to sustain a claim for the tort of outrage against Defendant Rogers.  *Givens*, 275 Ark. 370, 372, 631 S.W.2d 263, 264.

Because Plaintiff has failed to plead facts sufficient to state a claim against Defendant Rogers, Plaintiff's claim for outrage should be dismissed.

### F.  Defendants are entitled to qualified immunity in their individual capacities.

In addition to Plaintiff's assertion of claims against Defendants in their official capacities, she additionally asserts claims against them in their individual capacities. Doc. No. 1 at 2, ¶¶ 4-9. Under the doctrine of qualified immunity, state employees and officials are shielded from personal liability unless their conduct violated a clearly established constitutional or statutory right of which a reasonable official would have known. *Joseph v. Wheeler,* 144 F.4th 1111, 1114 (8th Cir. 2025). Therefore, the doctrine of qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *Id.* Qualified immunity shields state officials from personal liability when he or she acts with the reasonable belief that their conduct complies with the law. To defeat qualified immunity, a plaintiff must show (1) that their constitutional rights were violated, and (2) those rights were clearly established at the time of the violation. *Ledbetter v. Helmers*, 133 F.4th 788, 793 (8th Cir. 2025).

#### 1.  Plaintiff has not adequately pled a violation of a constitutional right.

When determining whether qualified immunity bars suit, the court must first determine whether the facts show that the Defendant's conduct violated a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 226 (2009). Therefore, a state officer is entitled to qualified immunity unless the evidence, viewed in the light most favorable to the plaintiffs, establishes a violation of a constitutional or statutory right. *Carter v. Ludwick*, 139 F.4th 982, 989 (8th Cir. 2025). A court must decide (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was "clearly established" at the time of the defendant's alleged misconduct. *Pearson,* 555 U.S. 223 at 236.  "Bare allegations" of malice do

14

not suffice to establish a constitutional claim and therefore are insufficient to overcome the doctrine of qualified immunity. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). *Britton*, 523 U.S. 574, 575 (1998).

First, Plaintiff claims that her right to protected speech on matters of public concern under the First Amendment were violated. Doc. No. 1 at 4, ¶ 20. Ms. Gray therefore must show that her conduct was constitutionally protected and that the protected conduct was a substantial factor in ADH's alleged retaliation. *Morris v. City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008). Ms. Gray's Complaint fails to allege sufficient facts showing that her conduct was constitutionally protected. The Complaint only alleges that Ms. Gray's speech consisted of "political commentary on matters of public concern," without providing sufficient facts to allege a constitutional violation. Doc. No. 1 at 4, ¶ 18. Ms. Gray's First Amendment claim contains bare allegations of malice and therefore does not suffice to establish a constitutional claim and is insufficient to overcome the doctrine of qualified immunity.

Second, Plaintiff claims her procedural and substantive due process rights were violated. Doc. No. 1 at 4-5, ¶¶ 24-28. Ms. Gray claims she was deprived of her property interest in continued employment without adequate notice and opportunity to respond in violation of her procedural due process rights. *Id.* at 5, ¶ 25. A public employee has a legitimate claim of entitlement when there are contractual or statutory limitations on the employer's ability to terminate the employee. *Bennett*, 260 F.3d 925 at 927. The Complaint fails to allege facts showing that Ms. Gray's employment was subject to any contractual or statutory limitation granting her a property interest in continued employment. Additionally, the Complaint fails to allege facts showing Ms. Gray was deprived of a constitutionally protected liberty interest. At-will, public employees generally do not have a liberty interest in continued employment. *Mogard*, 932 F.3d 1184 at 1190. An exception to

15

the general rule exists "where a state employer creates and disseminates a false and defamatory impression about the at-will employee in connection with the discharge." *Id.* at 1191. The Complaint does not provide facts alleging the Defendants created or disseminated a false and defamatory impression about Ms. Gray. Again, the Complaint merely provides "bare allegations" regarding the publication of stigmatizing reasons for her termination. Doc. No. 1 at 5, ¶ 26. Ms. Gray's procedural and substantive due process claims therefore do not suffice to establish a constitutional claim and are insufficient to overcome the doctrine of qualified immunity.

### 2. Defendants did not violate a clearly established law.

The second step in a qualified immunity analysis requires a showing by the Plaintiff that the constitutional right was clearly established at the time of the alleged misconduct, such that a reasonable official would understand that their actions violated that right. *Pearson*, 555 U.S. 223 at 243-44 (2009). This inquiry questions whether the alleged violative nature of the official's particular conduct is clearly established and must be undertaken in light of the specific context of the case. *Id.*; *Mullenix v. Luna*, 577 U.S. 7, 12 (2015).

For the Plaintiff to show that an alleged constitutional violation was clearly established, the law must have been so obvious that the official would have known the conduct was prohibited. *Harlow,* 457 U.S. 800 at 819. The conduct alleged in Ms. Gray's Complaint is not clearly established as a constitutional violation. The Complaint fails to adequately address whether the content of Ms. Gray's speech was protected and does not allege sufficient facts regarding the dissemination of a stigmatizing statement. Additionally, Ms. Gray's First Amendment and ACRA claims are subject to a test which balances the interests of the employee's speech and the interest of the State, as an employer, in promoting the efficiency of its public services. *Board of Cnty. Commissioners, Wabaunsee Cnty., Kansas v. Umbehr*, 518 U.S. 668, 676 (1996). A constitutional

claim that is subject to a balancing test, particularly in light of the sparse factual allegations in Ms. Gray's Complaint, cannot be held to be clearly established such that a reasonable official would have known. Therefore, without a showing of a constitutional violation that was clearly established such that a reasonable official would have known, Ms. Gray's claims should be barred by the doctrine of qualified immunity.

### IV. CONCLUSION

Accordingly, this Court should grant this motion to dismiss under Rule 12(b)(6). Plaintiff's First Amendment and ACRA claims fail to state a claim upon which relief can be granted. The Complaint does not provide that Ms. Gray had a property or liberty interest in her employment and therefore fails to show Ms. Gray was deprived of her procedural or substantive due process rights. Additionally, Ms. Gray fails to allege sufficient facts to support her Conspiracy and Outrage claims. ADH Defendants are entitled to sovereign immunity in their individual capacities.

WHEREFORE, Defendants respectfully request this court grants their motion to dismiss and for all other just and proper relief to which they may be entitled.

                    Respectfully submitted,

                    TIM GRIFFIN
                    Attorney General

By:   Carl F. "Trey" Cooper, III
      Ark Bar No. 2007294
      Senior Assistant Attorney General
      Office of Arkansas Attorney General
      101 West Capitol Avenue
      Little Rock, AR 72201
      Phone: (501) 682-3658
      Fax:   (501) 682-2591
      Email: trey.cooper@arkansasag.gov

*Attorneys for Defendants*