IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOY GRAY                                                                                             PLAINTIFF

v.                              CASE NO. 4:25-cv-1057-LPR

RENEE MALLORY, et al.                                                                   DEFENDANTS

### DECLARATION OF MATT GILMORE

I, Matt Gilmore, am competent to testify and have personal knowledge regarding the statements contained in this declaration, and do hereby state and verify the following:

1. I am employed with the Arkansas Department of Health ("ADH"), 4815 West Markham Street, Little Rock, Arkansas 72205.

2. Specifically, I am employed as the Deputy Director for Boards & Governmental Affairs.

3. I began working for ADH in January of 2019 in Governmental Affairs/Legislative Affairs and later took over Boards and Commissions as well.

4. My duties as Deputy Director for Boards & Governmental Affairs are to respond to phone calls, emails, and texts from constituent teams; to interface with the Governor's Office; to attend board and committee meetings; to advise on policy that may be navigating through the legislature; and to assist ADH employees in navigating legislative appropriation and oversight.

5. My duties often require me to speak with legislators and other stakeholders throughout the state regarding ADH initiatives, funding, and oversight.

6. On or around September 12, 2025, I became aware that ADH employee Joy Gray had made public social media posts relating to the murder of Charlie Kirk.

7. After a Freedom of Information Act release and the news picked the story up, and again after the lawsuit was filed, I spoke directly to legislators concerned with these comments and heard through my connections with the legislature that more legislators were concerned with Ms. Gray's comments.

8. Legislative support of ADH operations in the form of funding appropriation and oversight is critical to the effectiveness and efficiency of ADH programs.

9. In my position, I had on many occasions gone with Ms. Gray to appear before various governing bodies including but not limited to the Tobacco Settlement Commission, the Tobacco Prevention and Cessation Program Advisory Committee, Legislative committees, and UAPB's set-aside committee.

10. Based on years of legislative affairs work both with ADH and prior to my employment there, I am confident that if Ms. Gray had continued in her position that her presence would have been disruptive to ADH's critical relationship with the state legislature.

11. In fact, I believe her public comments were immediately disruptive to ADH's critical relationship with the state legislature and would have only become worse with continued employment.

12. With an upcoming fiscal session, I believe her comments, had she remained employed, could have resulted in budgetary consequences for not only the Agency's tobacco cessation efforts, but for the Agency as a whole.

13. A critical function of Ms. Gray's role at ADH was not only interacting with legislature, but with a number of other community and health partners critical to ADH's tobacco cessation efforts.

14. By the time of her termination, I had already heard from multiple other community partners, including but not limited to an ADH Tobacco Settlement Commission member and the Arkansas Heart Association, about her comments.

15. Based on my years of working with ADH Boards and Commissions and other external stakeholders in the agency's tobacco cessation and prevention efforts, that Ms. Gray's public comments did and would have continued to cause disruption to those important external relationships necessary for that program to succeed.

Under penalties or perjury, I declare that I have read the foregoing declaration and the facts stated in it are true.

_____        __10/20/2025__
Matt Gilmore                              Date
Deputy Director for Boards
  and Governmental Affairs